UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Dennis P. Glynn

    v.                                         Civil No. 10-cv-88-JM

Impact Science & Technology, Inc., et al

**O R D E R**

Before me for further consideration is non-party Gloria Jacobson's motion to quash the subpoena served upon her on December 5, 2009, and for sanctions.

**Background**

In what has apparently been a particularly nasty lawsuit in the U.S. District Court for the District of Maryland, the instant motion and its sequels are the latest episode.

Ms. Jacobson is a former employee of Impact Science & Technology, Inc. ("IST"). She has a valid New Hampshire driver's license, but is currently serving as a U.S. Peace Corps volunteer in Fiji in the South Pacific. Plaintiff claims she is an important witness.

In October of 2008, plaintiff learned of Ms. Jacobson's intent to join the Peace Corps and requested her deposition to

preserve her testimony for trial.  IST replied that she was still an employee and not likely to leave for many months.  IST promised to revisit the request if she was not deposed by May of 2009 (document no. 5-3[1] (8/18/09 letter from Carter to Judge Motz, USDC-MD)).  Meanwhile, the court in Maryland stayed discovery to permit mediation.  The stay remained in place until July 2009.  Plaintiff again requested Ms. Jacobson's deposition and was told that she had left the employ of IST.  Not only did Winston and Strawn not keep their promise to revisit the deposition in May 2009, they did not inform plaintiff's counsel that Ms. Jacobson had left or was leaving the employ of IST to go to Fiji.  Winston and Strawn added insult to injury by then alleging that plaintiff and his lawyer had slept on their rights.  This court expects counsel's word to be his/her bond.

Thereafter Judge Motz requested counsel to work out details for a deposition.  Following a long chain of emails, Ms. Jacobson's video-conferenced deposition from Fiji was set for December 8, 2009.  On November 24, 2009, Ms. Jacobson cancelled

---

[1] Document no. 5 was filed when this case was docketed as Civil No. 09-mc-070-JM.  The case was redocketed on March 11, 2010, as Civil No. 10-cv-88-JM.  The terminated miscellaneous case filings were transferred into and have become part of the current civil case docketed as No. 10-cv-88-JM.

the deposition as she had to fly to New Hampshire to be with her terminally ill father.  Winston & Strawn's notification of the cancellation was as follows:

> We will inform you if Ms. Jacobson is able to clear another date with her Peace Corps supervisors for her to voluntarily appear via a video conference for deposition before the end of discovery on 3/21/10.  As you know, IST cannot guarantee Ms. Jacobson's appearance for a deposition given the fact that she no longer works for IST and is stationed in Fiji for the Peace Corps.

Document no. 1-4, p. 21 of 41.

Given his prior experience with Winston & Strawn in scheduling Ms. Jacobson's deposition, plaintiff's counsel properly concluded that he needed Ms. Jacobson's deposition; that he could not rely on her or Winston & Strawn; and that his duty to his client required that she be subpoenaed.  He retained an investigator to locate Ms. Jacobson and prepared the subpoena.

This is the point at which plaintiff's counsel and plaintiff's wife turned their brains off.  Instead of hiring a U.S. Marshal, Deputy Sheriff or lawyer accustomed to making service, counsel turned the subpoena over to plaintiff's wife to serve.

Mrs. Glynn was somewhat insensitive in serving the subpoena. Defense counsel claims she was dressed in a Santa Claus hat as

his helper delivering flowers. Mrs. Glynn has sworn that her hat and clothes were not Santa clothes but simply a winter hat.

The December 5th subpoena and fees were entirely in accord with the requirements of Rule 45. While Ms. Jacobson had sold her house, she still maintained a resident New Hampshire driver's license. She remains a resident until she becomes resident elsewhere. The fees were adequate and the subpoena was served legally and it was not overreaching.

The subpoena called for a December 28, 2009 deposition. Winston & Strawn was noticed of the deposition on December 7, 2009. Ms. Jacobson was served on December 5th. From December 7th to December 18th, IST's counsel said nothing to plaintiff's counsel about the deposition. On December 18th, defense counsel emailed plaintiff's counsel that she was representing Ms. Jacobson and would seek to quash the subpoena. Plaintiff's request for a basis for the motion and his other emails to defense counsel between December 18th and the 23rd were ignored. At no time did defense counsel suggest an alternative date nor did she make any effort to set up a video conference deposition.

Winston & Strawn waited until December 23rd, the day before chambers closed for the Christmas holidays, to file the motion to

quash.  It was delivered to me for ruling one hour before closing.  The tone of the motion was one of outrage at the alleged manner of service.  It gave no hint of Winston & Strawn's own duplicity in its treatment of plaintiff counsel's request of over a year for a deposition of Ms. Jacobson, nor the rationale for a last-minute motion to quash following its failure for seven days to respond to plaintiff's email.  Winston & Strawn has offered no explanation for its failure to provide a deposition date prior to Ms. Jacobson's return to Fiji, nor for its delay in filing the motion at the last minute.

    Ms. Glynn may have exercised bad judgment in pretending to be delivering flowers when serving the subpoena, but she violated no law and no rule of court.

    If Ms. Jacobson was upset, she should be more upset with her attorneys who played games over her deposition for over a year and who had much to do with the poisonous atmosphere between counsel in this case.  Plaintiff's counsel was fully justified in subpoenaing Ms. Jacobson.

    The motion to reconsider (document no. 5) is granted and the motion quash (document no. 1) is denied.  Ms. Jacobson is ordered to appear for her deposition in New Hampshire within the next

thirty (30) days on a date agreeable to plaintiff's counsel or she will be held in contempt. Alternatively, she may appear for a videotape deposition in Fiji within thirty (30) days, all costs of which shall be borne by her attorneys Winston & Strawn.  All reasonable attorney's fees of plaintiff's counsel in connection with the objections to this motion are assessed against Winston & Strawn LLP.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: March 18, 2019

cc:     Garry R. Lane, Esq.
        Karyl Roberts Martin, Esq.
        Ryan S. Spiegel, Esq.
        Sarah M. Hall, Esq.
        James D. Martin, *pro se*
        Shelley Martin, *pro se*